IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02656-BNB

BRIAN M. GROSS,

      Plaintiff,

v.

TOM CLEMENTS,
JOHN DAVIS,
ELLEN BLACKMORE,
MARY CARTER,
THOMAS FISHER,
MARY BETH KALYMER,
KERRY BARONI,
MARCIA MORTIN,
ARISTEDES ZARVARES,
SM VICALVI,
P. LASTRELL,
JOHN DOE,
JANE DOE, and
ANTHONY DeCESARO,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Brian M. Gross, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista Correctional Complex in Buena Vista, Colorado.  Mr. Gross initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.  He asks for money damages and injunctive relief.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Gross is a ***pro se*** litigant.  ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a ***pro se*** litigant's advocate.  ***Hall***, 935 F.2d at 1110.  For the reasons stated below, Mr. Gross will be ordered to file an amended complaint.

The Court has reviewed the complaint filed by Mr. Gross and finds it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

In general, Mr. Gross alleges that the Defendants have denied him access to medical and dental care necessary to manage his chronic medical conditions.  On the

basis of these allegations of deliberate indifference and delays in obtaining medical treatment, allegations which easily could have been consolidated into three or four claims, he asserts ten claims with disjointed and repetitive assertions.

Mr. Gross fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  Therefore, Mr. Gross will be directed to file an amended complaint that complies with the pleading requirements of Rule 8.  Mr. Gross must present his claims in a short, concise, and manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  To state a claim in federal court, the amended "complaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10thCir. 2007).

Mr. Gross must allege specific facts in his amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations.  Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Gross must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each

defendant's participation, control or direction, or failure to supervise.  ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  ***See Dodds v. Richardson***, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), ***cert. denied***, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Gross may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Gross uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Accordingly, it is

ORDERED that Plaintiff, Brian M. Gross, file **within thirty days from the date of this order**, an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order.  It is

FURTHER ORDERED that Mr. Gross shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Gross fails to comply with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED December 28, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge