IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02656-BNB

BRIAN M. GROSS,

    Plaintiff,

v.

TOM CLEMENTS,
JOHN DAVIS,
ELLEN BLACKMORE,
MARY CARTER,
THOMAS FISHER,
MARY BETH KALYMER,
KERRY BARONI,
MARCIA MORTIN (aka DENISE MORTIN),
ARISTEDES ZAVARES,
STEVE M. VICALVI,
P. LASTRELL,
JOHN DOE,
JANE DOE, and
ANTHONY DeCESARO,

    Defendants.

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

    This matter is before the Court on the "Petition for Temporary Injunction for Medical/Dental Services" (Doc. # 15) that Plaintiff, Brian M. Gross, filed *pro se* on January 26, 2011. In the motion, Mr. Gross requests that the "court grant him an injunction placing his Medical and Dental care needs to be met by an independent third parties [sic]." He argues that the named Defendants "have shown reckless disregard for the welfare and safety of the Plaintiff, by denying the medical and dental needs that he requires." Mr. Gross does not provide any supporting factual allegations with regard to

his medical and dental needs; instead, the motion is bare and conclusory.

The Court must construe the motion liberally because Mr. Gross is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Gross is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Gross does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for injunctive relief will be denied.  Accordingly, it is

ORDERED that the "Petition for Temporary Injunction for Medical/Dental Services" (Doc. # 15) that Plaintiff, Brian M. Gross, filed *pro se* with the Court on January 26, 2012, is denied.

DATED at Denver, Colorado, this  8th  day of     February    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court