IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02656-MSK-MJW

BRIAN M. GROSS,

Plaintiff,

v.

TOM CLEMENTS,
JOHN DAVIS,
ELLEN BLACKMORE,
MARY CARTER,
THOMAS FISHER,
MARY BETH KALYMER,
KERRY BARONI,
MARCIA MORTIN (a/k/a DENISE MORTIN),
ANTHONY DECESARO, and
STEVE M. VICALVI,

Defendants.

---

## RECOMMENDATION ON
## PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION FOR MEDICAL RELIEF
### (Docket No. 70)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case was referred to this court pursuant to an Order Referring Case issued

by Judge Marcia S. Krieger on February 17, 2012.  (Docket No. 24).

Now before the court for a report and recommendation is the pro se incarcerated

plaintiff's Motion for Temporary Injunction for Medical Relief (Docket No. 70), dated

May 21, 2012, in which the plaintiff states:

> The Pettitoiner [sic], Brian M. Gross, is currently being house [sic]
> in the Pueblo County Dentention [sic] Center, in Pueblo County Colorado.

> The Pettitioner [sic] is a CDOC client, with a Colorado Division of Parole hold.  The Pettitioner entered the PCDC on 05/13/2012.  The petitioner [sic] is a medical 4 in CDOC with chronich [sic] medical conditions that the CDOC tried to care for but failed.  PCDC did not give the Petitioner his insulin for three days, and is still giving the incorrect amount of insulin.  PCDC is not giving the Pettitioner [sic] any of his prescribed medications.  To date the doctors at PCDC have not seen the Petitioner.
>
> WHEREFORE, the Pettitioner [sic] prays that this Court will grant a temporary injunction, allowing the Pettitioner's private doctors, and Parkview Medical Center take over the medical care of the Pettitioner [sic].  The Pettitioner [sic] is kept in constant pain.  And is still malabsorbing nutrition.  The Pettitioner [sic] is in fear for his life.

(Docket No. 70).  Defendants have filed a timely response.  (Docket No. 73).  The court has carefully considered the motion (Docket No. 70), the response (Docket No. 73), and applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court file.  The court now being fully informed makes the following findings, conclusions of law, and recommendation that the motion be denied.

Previously, plaintiff filed similar motions for immediate temporary injunctions for medical services on October 12, 2011 (Docket No. 4), January 26, 2012 (Docket No. 15), and March 2, 2012 (Docket No. 30).  The first motion was denied as moot when the Prisoner Complaint and action were dismissed without prejudice for failing to pay an initial partial filing fee.  (Docket No. 9).  That dismissal Order, however, was subsequently vacated on December 20, 2011 (Docket No. 11), after it was discovered that plaintiff had paid the initial partial filing fee, but it had been mistakenly applied to a previous case filed by the plaintiff which had been closed.  The second motion was denied by Judge Lewis T. Babcock on February 8, 2012 (Docket No. 17).  Judge Babcock found that the plaintiff had not provided "any supporting factual allegations with regard to his medical and dental needs; instead, the motion is bare and conclusory."

(Docket No. 17 at 1-2).  In addition, the court found that plaintiff "does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for injunctive relief will be denied."  (Docket No. 17 at 3).  Most recently, the third motion was denied by Judge Krieger in a text entry on April 12, 2012, which stated in pertinent part:

> Although deemed to be an Objection to the Recommendation, the Plaintiff identifies no specific error in any finding or conclusion made by the Magistrate Judge. Instead, he asserts that he is continuing to receive what he believes to be inadequate medical and dental care, giving examples more contemporaneous than those previously submitted. The assertions are conclusory, unsupported by any extrinsic evidence or any demonstration that immediate injury will result the requested injunction is not imposed. Indeed, the Plaintiff does not dispute that he is scheduled to be released from CDOC custody within the next ten days, after which he will be able to obtain medical and dental care from practitioners of his own choosing. Having considered the matter de novo and finding no error in fact or law, IT IS ORDERED that the Recommendation is ADOPTED, the Response (deemed to be an objection) is OVERRULED, and for the reasons stated in the Recommendation, Plaintiffs Motion for Immediate Temporary Injunction 30 is DENIED.

(Docket No. 52).

Since the plaintiff is not an attorney, his pleading and other papers have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority,

4

his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .  At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

"A temporary restraining order ["TRO"] or preliminary injunction is extraordinary relief." Statera, Inc. v. Hendrickson, 2009 WL 2169235, *1 (D. Colo. July 17, 2009).  In order to obtain a injunctive relief, plaintiff must demonstrate the following: (1) a substantial likelihood of success on the merits of the case, (2) irreparable injury to the plaintiff if the preliminary injunction is denied, (3) the threatened injury to the plaintiff outweighs the injury to the other party under the preliminary injunction, and (4) the injunction is not adverse to the public interest.  Salt Lake Tribune Pub. Co., LLC v. AT & T Corp., 320 F.3d 1081, 1099 (10th Cir. 2003).  In addition, the right to relief must be "clear and unequivocal" because "a preliminary injunction is an extraordinary remedy." Id.  Furthermore, in cases such as this, where the relief requested would (1) disturb the status quo, (2) be mandatory as opposed to prohibitory, or (3) provide the plaintiff with substantially all the relief he may recover after a full trial on the merits, an even heavier burden is placed upon the plaintiff, and he must show that the four factors listed above weigh "heavily and compellingly in his favor." Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001).  "[T]he party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." Heideman v. South Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003).

In order to state an Eighth Amendment claim, "'a prisoner must allege acts or

omissions sufficiently harmful to evidence deliberate indifference to serious medical

needs.'" Self v. Crum, 439 F.3d 1227, 1230 (10th Cir.) (quoting Estelle v. Gamble, 429

U.S. 97, 106 (1976)), cert. denied, 549 U.S. 856 (2006).  "A prison official's deliberate

indifference to an inmate's serious medical needs is a violation of the Eighth

Amendment's prohibition against cruel and unusual punishment. . . .  The test for

constitutional liability of prison officials 'involves both an objective and a subjective

component.'" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).  As the Tenth Circuit has

explained:

> to properly set forth an Eighth Amendment claim on which relief may be
> granted, [the prisoner] must set forth facts demonstrating [1] that his
> alleged medical need . . . was sufficiently serious to meet the objective
> element of the deliberate indifference test, and [2] that the Defendants'
> delay in meeting that need caused him substantial harm.  Finally, to meet
> the subjective element of the deliberate indifference test, [the prisoner]
> must allege facts supporting an inference [3] that Defendants knew about
> and disregarded a substantial risk of harm to his health or safety.

Oxendine v. Kaplan, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations omitted).

"A medical need is serious if it has been diagnosed by a doctor or is one that is so

obvious that even a lay person would easily recognize the necessity for a doctor's

attention." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996) (citation and

internal quotation omitted).

In the instant motion, plaintiff apparently seeks an order from this court directing

unnamed officials or employees at the Pueblo County Detention Center ("PCDC") to

have him seen and treated by his private doctors and at Parkview Medical Center.  The

court, however, takes judicial notice of the fact that the Pueblo County Detention Facility

is operated by the Pueblo County Sheriff's Department, not the Colorado Department of

Corrections.  Furthermore, according to the Sheriff Department's website, the inmates

housed at the PCDC "receive professional medical treatment from another private contractor, Correctional Healthcare Management."

Plaintiff commenced this action when he was incarcerated at the Buena Vista Correctional Facility. His § 1983 action is based upon allegations concerning the medical treatment he received at that facility. He was subsequently released on parole, but now he apparently is detained at the PCDC. None of the named defendants appear to be part of that Sheriff's Office or Correctional Healthcare Management and thus have no control over the plaintiff's current medical care. This court thus agrees with the defendants that plaintiff's motion for injunctive relief should be denied. See West v. Denver County Jail, 2008 WL 732600, at *6 (D. Colo. Mar. 18, 2008) ("Plaintiff's motion for Preliminary Injunction must fail because the named defendants lack the authority to provide the relief he desires . . . . [A]s the CDOC and its related offices are not parties to this lawsuit, Plaintiff is not able to obtain injunctive relief in the instant action.") (citing Fed. R. Civ. P. 65(d)) ("Every order granting an injunction . . . is binding only upon the parties to the action . . . .").

WHEREFORE, for the foregoing reasons, it is hereby

RECOMMENDED that the plaintiff's Motion for Temporary Injunction for Medical Relief (Docket No. 70) be denied.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need

not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date:  June 8, 2012
      Denver, Colorado

<u>s/ Michael J. Watanabe</u>
Michael J. Watanabe
United States Magistrate Judge