IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02656-MSK-MJW

BRIAN M. GROSS,

Plaintiff(s),

v.

STEVE M. VICALVI,

Defendant(s).

**RECOMMENDATION THAT THIS ACTION BE DISMISSED
BASED UPON THE PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO
PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by now Chief Judge Marcia S. Krieger on February 17, 2012. (Docket No. 24).

In an Order Setting Scheduling/Planning Conference entered October 10, 2012 (Docket No. 81), this court set a Scheduling Conference on November 29, 2012, at 9:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. That Order also directed the parties to hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order. A copy of that Order was mailed to the plaintiff at his address of record and was not returned as undeliverable by the U.S. Postal Service.

Plaintiff, however, failed to appear for the November 29, 2012, Scheduling Conference and failed to participate in the preparation of the proposed Scheduling

Order as directed.  In addition, he did not seek a continuance, nor did he even telephone the court at the time set for the conference.  The court notes that the weather was sunny and clear at the time of the conference, and the roads were clear.  Defense counsel appeared as directed.

This court thus issued an Order to Show Cause and Order Resetting Scheduling Conference (Docket No. 87) in which a Show Cause Hearing was set for December 17, 2012, at 11:00 a.m. at which plaintiff was directed to appear in person and show cause why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 and why other sanctions should not be imposed, including the imposition of the defendant's attorney fees and costs and a finding and order of contempt.  In addition, the Scheduling Conference was reset to December 17, 2012, at 11:00, and the parties were directed to file a proposed Scheduling Order on or before December 12, 2012.  Finally, plaintiff was ordered to contact defense counsel immediately so as to advise whether he wished to proceed with this litigation and if he does, to comply with the provisions of this court's October 10, 2012 Order (Docket No. 81), including providing input for the proposed Scheduling Order that must be filed on or before December 12, 2012.  (Docket No. 87).

On December 13, 2012, plaintiff filed a document on which he stated:

> The Plaintiff, Brian Gross, comes before this Court to apologize for missing the court date off [sic] November 29th, 2012.  The Plaintiff was hospitalized on November 22nd through December 5th, 2012.  Defense counsel knew the Plaintiff was hospitalized.  There is a court date set for December 17th, 2012.  The Plaintiff will be having surgery on this date.  Can this court date be rescheduled?

(Docket No. 90).  This court granted plaintiff's request to continue and reset the Show Cause Hearing and Scheduling Conference on January 4, 2013 at 10:00 a.m.  (Docket

No. 92). A copy of this court's Minute Order (Docket No. 92) continuing the proceeding was mailed to the plaintiff at his address of record, and that copy was not returned to the court as undeliverable by the U.S. Postal Service.

Nevertheless, the plaintiff failed to appear as directed on January 4, 2013, at 10:00 a.m. He did not even telephone the court at the time set for the proceeding or move for a continuance. In addition, plaintiff did not comply with this court's order to provide input for the proposed Scheduling Order. See Docket No. 88 at 2 (Proposed Scheduling Order - "Plaintiff did not submit any information for the proposed Scheduling Order."). Defense counsel noted in the Proposed Scheduling Order:

> **6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**
>
> a. Date of rule 26(f) meeting: No discussions have been held. Mr. Gross began the action as a *pro se* prisoner, but he is now on parole. Counsel for Defendant contacted Mr. Gross and set up a telephone conference that was scheduled for November 12, 2012 at 9:00 a.m. However, Mr. Gross did not call and defense counsel's call to Mr. Gross was not returned. Subsequent messages were left on Mr. Gross's voicemail on November 20 and 21, but those calls were also not returned. On December 12, 2012, counsel for Defendant left another message on Mr. Gross's voicemail; that call was also not returned.

(Docket No. 88 at 3-4).

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own,

4

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Rule 16(f)(2) further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 16(f)(2).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

5

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or D.C.COLO.LCivR 41.1 based upon the plaintiff's failure to appear, failure to prosecute, and failure to comply with this court's orders.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Dated:   January 4, 2013                    s/ Michael J. Watanabe
         Denver, Colorado                   Michael J. Watanabe
                                            United States Magistrate Judge