IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-02656-MSK-MJW

**BRIAN M. GROSS,**

      Plaintiff,

v.

**STEVE M. VICALVI,**

      Defendant.

## ORDER DENYING MOTIONS FOR RECONSIDERATION

**THIS MATTER** comes before the Court on four Motions for Reconsideration **(## 99, 101, 102, 103)** filed by the *pro se* Plaintiff Brian M. Gross.[1]

Mr. Gross seeks reconsideration of the Court's Order **(#96)** dismissing his claims against Defendant Steve M. Vicalvi, and the subsequent entry of judgment against him. The Court, in adopting the Recommendation **(#94)** of the Magistrate Judge, dismissed his claims for failure to appear, failure to prosecute, and failure to comply with court orders.

Now, Mr. Gross asks the Court to reconsider that ruling. In his motions, Mr. Gross does not rely on any particular rule. However, because his first motion was filed within 28 days after the entry of the judgment, the Court construes his motions together as a request to alter or amend

---

[1] In considering Mr. Gross's filings, the Court is mindful of his *pro se* status, and accordingly reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 510-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Gross's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Gross of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993; *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

the judgment under Fed. R. Civ. P. 59(e).  Under this rule, there are three possible grounds that may warrant reconsideration: (1) an intervening change in the law, (2) new evidence that was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In each of his motions, Mr. Gross argues that his failure to appear, failure to prosecute, and failure to comply with court orders was not his fault because he "has spent a considerable amount of time hospitalized" and had no control over his medical problems. He advises that he has had one major and two minor heart attacks since December 2012, although he does not specify the dates of such events nor the dates of his hospitalizations for those or other reasons. He also states that he has been held at the Pueblo County Detention Center from February 11-26, 2013 and March 15, 2013 through Aug. 7, 2013, but it does not appear that his detention has affected his ability to participate in this action as all of the motions at issue were filed while he has been detained.

Although the Court is sensitive to Mr. Gross's medical needs, on this record it finds that the circumstances do not warrant vacation of the judgment of dismissal and reinstatement of the case.  In November 2012, prior to any alleged medical problem or detention, Mr. Gross failed to appear at a scheduling conference, failed to participate in filing a proposed scheduling order, and failed to request a continuance.  Thereafter, he failed to respond to an Order to Show Cause (#87) or appear at the hearing set for December 17, 2012.  He has failed to show how any hospitalization or medical condition affected his ability to perform these obligations. The Magistrate Judge's Recommendation was sent to Mr. Gross at his address of record on January 4, 2013, and it wqas not returned as undeliverable.  No action was taken on it until April 14, 2013, and it was not returned as undeliverable.  Thus, presumptively, Mr. Gross received it, and

2

at no time between January and April filed an objection.  No justification has been shown for Mr. Gross being unable to object to the Recommendation in a timely fashion.  Moreover, Mr. Gross offers no objection to the Recommendation, other than the facts stated above.

Accordingly, the Court finds that altering or amending the judgment is not warranted. Mr. Gross's Motions for Reconsideration **(#99, 101, 102, 103)** are **DENIED**.

Dated this 27th day of August, 2013.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge